IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JACK DAVIS,<br><br>    Petitioner,<br><br> vs.<br><br>SUPERIOR COURT OF CONTRA COSTA COUNTY, et al,<br><br>    Respondents. | No. C 09-2561 JSW (PR)<br><br>**ORDER OF DISMISSAL** |

### INTRODUCTION

Petitioner, a prisoner of the State of California, currently detained at Atascadero State Hospital, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging his confinement after a probation revocation proceeding, which he contends violated his rights. Petitioner has paid the filing fee.

### BACKGROUND

According to the petition, Petitioner was incarcerated after a probation revocation proceeding in Contra Costa County Superior Court which commenced in October, 2003. Petitioner contends that his sentence of 5 years and 8 months and additional parole term of 1 year and 3 months violates his rights. In the petition, Petitioner states that he did file an appeal in the California Court of Appeal, First Appellate District, but asserts that he did not seek review in the California Supreme Court. *See,* Petition at 8.

### DISCUSSION

I    <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in

custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II      Legal Claims

The petition raises the following grounds for relief: (1) the probation revocation proceeding violated his rights under *Morrissey v. Brewer,* 408 U.S. 471 (1972); (2) the Judge at Petitioner's revocation hearing was not fair and impartial; and (3) ineffective assistance of counsel. Liberally construed, it does not appear from the face of the petition that Petitioner is not entitled to relief on his claims.

III.    Exhaustion

A prisoner in state custody who wishes to challenge either the fact or length of his confinement by filing a federal petition for writ of habeas corpus must first exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he seeks to raise in federal court. *See* 28 U.S.C. § 2254(b),(c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987).

Petitioner states that he withdrew his efforts at an appeal under pressure. However, Petitioner must still present his claims to the state courts before raising them here. This Court cannot relieve Petitioner of his obligation to satisfy the exhaustion requirement for federal habeas corpus petitions; Petitioner must present each and every claim he wishes to raise herein to the highest state court before it may be considered by the federal court. As Petitioner has not presented any of his claims to the highest state court, he has not exhausted his state court remedies. As such, the petition must be dismissed. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982), *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (declining to extend the rule in *Rhines v. Webber,* 125 S. Ct. 1528, 1535 (2005) to

1  completely unexhausted petitions and finding that the district court must dismiss such a
2  petition based on *Jimenez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001)).  A dismissal solely
3  for failure to exhaust is not a bar to Petitioner's returning to federal court after exhausting
4  available state remedies.  *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir.
5  1995).

## CONCLUSION

For the foregoing reasons, this petition is DISMISSED without prejudice to Petitioner's filing a new federal habeas petition once he has exhausted state remedies by presenting his claims to the highest state court.  The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED:  June 22, 2009

JEFFREY S. WHITE
United States District Judge

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL JACK DAVIS,

        Plaintiff,

  v.

SUPERIOR COURT OF CONTRA COSTA et al,

        Defendant.

Case Number: CV09-02561 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 22, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Michael Jack Davis CDC#F22106
Atascadero #058772-5
901 Court Street
P.O. Box 7001
Atascadero, CA 93423

Dated: June 22, 2009

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk